Clayeo C. Arnold, California SBN 65070
carnold@justice4you.com
Christine M. Doyle, California SBN 106865
cdoyle@justice4you.com
**CLAYEO C. ARNOLD, A PROFESSIONAL LAW CORPORATION**
865 Howe Avenue
Sacramento, California 95825
916-924-3100 Telephone
916-924-1829 Facsimile

John A. Yanchunis, Florida SBN 324681
jyanchunis@forthepeople.com
Tamra Givens, Florida SBN 657638
tgivens@forthepeople.com
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
813-223-5505 Telephone
813-223-5402 Facsimile

Mark Malek, Florida SBN 571385
mark@legalteamusa.com
**ZIES WIDERMAN & MALEK**
1990 West New Haven Avenue
Melbourne, Florida 32904
321-255-2332 Telephone
321-255-2351 Facsimile

Attorneys for Plaintiffs,
BOBBIE PACHECO DYER, and
putative Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

BOBBIE PACHECO DYER, PATRICIA STALLWORTH and MELISSA EDMUNDS, on behalf of themselves and all others similarly situated,

    Plaintiffs,

  vs.

WELLS FARGO BANK, N.A.,

    Defendant.

_____

Case No.: 3:13-cv-02858-EDL

**AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

**CLASS ACTION**

AMENDED CLASS ACTION COMPLAINT - 1

Plaintiffs, BOBBIE PACHECO DYER, PATRICIA STALLWORTH and MELISSA EDMUNDS, by and through their undersigned attorneys, bring this Class Action Complaint against Defendant, WELLS FARGO BANK, N.A. ("Wells Fargo") and allege as follows:

## INTRODUCTION

1.      This is a class action brought pursuant to Federal Rule Civil Procedure 23 seeking damages for the individual plaintiffs and the class they represent consisting of all individuals in the United States who worked for Wells Fargo Home Mortgage ("WFHM"), a division of Defendant, Wells Fargo Bank, N.A., as a Producing Branch Sales Manager or Home Mortgage Consultant during 2011, and continuing through the present, and who were not paid amounts due under WFHM's Incentive Compensation Plan ("the Class").  (A copy of WFHM's Incentive Compensation Plan is attached hereto as Exhibit "1" and incorporated herein by reference.)

2.      This class action arises from WFHM's failure to compensate its Producing Branch Sales Managers and Home Mortgage Consultants as agreed pursuant to WFHM's Incentive Compensation Plan.

## PARTIES

3.      Plaintiff, Bobbie Dyer, is an individual residing in Melbourne, Florida.  From November 1994 to April 2012, Ms. Dyer was employed by Wells Fargo Home Mortgage as a Producing Branch Sales Manager.

4.  Plaintiff, Patricia Stallworth, is an individual residing in Orlando, Florida.

From November 2000 to May 2013, Ms. Stallworth was employed by Wells Fargo as a Home Mortgage Consultant.

5.   Plaintiff, Melissa Edmunds, is an individual residing in Orlando, Florida. From March 2003 to April 2012, Ms. Edmunds was employed by Wells Fargo Home Mortgage as a Home Mortgage Consultant.

6.   Defendant, Wells Fargo Bank, N.A., is a national bank with its principal place of business in San Francisco, California.

7.    Wells Fargo Home Mortgage is a division of Defendant, Wells Fargo Bank, N.A.  In 2004, Wells Fargo Home Mortgage, Inc. merged into Wells Fargo Bank, N.A. Subsequent to the merger, WFHM became a division of Wells Fargo Bank, N.A.

8.   WFHM is the largest retail mortgage lender in the United States, originating an estimated one out of every four home loans.  In addition, WFHM is the second largest loan servicer in the country, servicing $1.8 trillion in home mortgages.

### JURISDICTION AND VENUE

9.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) in that the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which members of the Class are citizens of a state different from Defendant.

10.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant maintains its headquarters and principal place of business within the district of the United States District Court for the Northern District of California.

### INTRADISTRICT ASSIGNMENT

11.   This action arises in San Francisco County because that is the county within the Northern District of California where a substantial part of the events or

AMENDED CLASS ACTION COMPLAINT – 3

omissions giving rise to the claims asserted herein arose.   In addition, Defendant's headquarters is located in San Francisco County.

## ALLEGATIONS COMMON TO ALL COUNTS

12.   WFHM is the largest retail mortgage lender in the United States, originating an estimated one out of every four home loans.

13.   WFHM employs Producing Branch Sales Managers and Home Mortgage Consultants to secure residential mortgage transactions on WFHM's behalf.

14.   Commencing in 2011 and continuing to the present WFHM Producing Branch Sales Managers have been compensated pursuant to the terms and conditions contained in WFHM's 2011 Incentive Compensation Plan (the "Plan").

15.   WFHM implements an incentive compensation plan on an annual basis. Upon information and belief, the relevant provisions of WFHM's incentive compensation plan from 2011 and continuing through the present (the "Class Period") have been uniform.

16.   Pursuant to the Plan, Producing Branch Sales Managers are paid a base salary plus the following components: (a) monthly commission; (b) personal production performance scorecard bonuses; (c) monthly volume override; (d) quarterly variable forecast model bonus; and (e) direct & indirect report performance scorecard bonus.

17.   Pursuant to the Plan, a basis point ("bp") is defined as one one-hundredth of one percent, or 0.01%.

18.   Under the Plan's Standard Commission Schedule, monthly commission is determined by the type of residential mortgage and the monthly funded volume (dollars or units) of residential mortgage business secured by the employee.

19.   The Standard Commission Schedule determines the commission rate based on the employee's monthly funded and referred dollar volume that funds or funded and referred units that fund, whichever is greater. The higher rate derived from the schedule per units or dollar volume applies. The commission rate is applied to the

funded loan dollar volume to determine commission credit.  The Standard Commission Schedule is set forth below:

| Monthly Units Funded and referred by Employee | Monthly Dollar Volume ($) Funded and Referred by Employee | Monthly Commission Rate(bps) | Semi-Annual Personal Production Scorecard Bonus Rate (bps) | Total Opportunity (bps) |
|---|---|---|---|---|
| 1-6 | $0-$899,999 | 43 | 6 | 49 |
| 7-9 | $900,000-$1,399,999 | 48 | 6 | 54 |
| 10-12 | $1,400,000-$1,899,999 | 58 | 6 | 64 |
| 13 and above | $1,900,000 and above | 63 | 6 | 69 |

20.     According to the Standard Commission Schedule, monthly commission rates may range from 43 bps to 63 bps, depending upon the greater of the employees' monthly funded and referred dollar volume that funds or funded and referred units that fund.

21.     Home Mortgage Consultants are paid commissions pursuant to the same or a substantially similar version of the Standard Commission Schedule described above.

22.     Upon information and belief, the vast majority of Producing Sales Branch Managers and Home Mortgage Consultants perform at a level which entitles them to 63 bps under the Standard Commission Schedule.

23.     The standard commission rates set forth in the Standard Commission Schedule apply except in instances where the Plan sets forth a different, specific rate applicable to a particular loan type.

24.     Section 4 of the Plan addresses the following:  (a) "Specialty Refinance

Rate"; (b) "WFHM loan of a Freddie Mac to Freddie Mac Relief Refinance Mortgage refinanced loan commission credit rates are per the standard commission schedule"; (c) "WFHM loan of a Freddie Mac to Freddie Mac Relief Refinance Mortgage/Three (3) Step Express refinanced loan commission credit rates are per the standard commission schedule;" (d) "WFMH loan of a Fannie Mae to Fannie Mae Refi Plus refinanced loan commission credit rates are per the standard commission schedule; and (e) WFMH loan of a Fannie Mae to Fannie Mae DU Refi Plus refinanced loan commission rates are per the standard commission schedule."

25.    Despite the provisions of Section 4 of the Plan set forth above, which assign commissions at a rate per the Standard Commission Schedule (in excess of 43 bps and often 63 pbs), WFHM pays commissions for the loans identified in paragraph 21 above at a flat 43 bps, thereby depriving Producing Sales Branch Managers and Home Mortgage Consultants of commissions to which they are entitled, in breach of the Plan.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

**<u>Bobbie Dyer</u>**

26.    From November 1994 to April 2012, Plaintiff, Bobbie Dyer, was employed by WFHM as a Producing Sales Branch Manager.

27.    During and after 2011, Plaintiff secured WFHM loans of Freddie Mac to Freddie Mac Relief Refinance Mortgage refinanced loans and WFHM loans of Freddie Mac to Freddie Mac Relief Refinance Mortgage/Three (3) Step Express refinanced loans.

28.    At all relevant times, Plaintiff was eligible to receive commissions at a rate of 63 bps pursuant to the Standard Commission Schedule.

29.    Despite the Plan provisions of Section 4 of the Plan, discussed above, which required commission credit rates to be based upon the Standard Commission Schedule and despite Plaintiff's eligibility to be paid commissions based upon a rate of 63 bps, Defendant only paid Plaintiff commissions based upon a flat rate of 43 bps for her secured WFHM loans of Freddie Mac to Freddie Mac Relief Refinance Mortgage

refinanced loans and WFHM loans of Freddie Mac to Freddie Mac Relief Refinance Mortgage/Three (3) Step Express refinanced loans.

30.     In addition, Defendant failed to pay Plaintiff other amounts due pursuant to the Plan, including but not limited to, personal production performance scorecard bonuses, monthly volume override, quarterly variable forecast model bonus, and direct & indirect report performance scorecard bonus.

## Patricia Stallworth

31. From November 2000 to May 2013, Plaintiff, Patricia Stallworth, was employed by WFHM as a Home Mortgage Consultant.

32.     During and after 2011, Plaintiff secured WFHM loans of Freddie Mac to Freddie Mac Relief Refinance Mortgage refinanced loans, WFHM loans of Freddie Mac to Freddie Mac Relief Refinance Mortgage/Three (3) Step Express refinanced loans, Fannie Mae to Fannie Mae Refi Plus refinanced loans and WFMH loans of Fannie Mae to Fannie Mae DU Refi Plus refinanced loans.

33.     At all relevant times, Plaintiff was eligible to receive commissions at a rate of 58 bps pursuant to the Standard Commission Schedule.

34.     Despite the Plan provisions of Section 4 of the Plan, discussed above, which required commission credit rates to be based upon the Standard Commission Schedule and despite Plaintiff's eligibility to be paid commissions based upon a rate of 58 bps, Defendant only paid Plaintiff commissions based upon a flat rate of 43 bps for her secured WFHM loans of Freddie Mac to Freddie Mac Relief Refinance Mortgage refinanced loans and WFHM loans of Freddie Mac to Freddie Mac Relief Refinance Mortgage/Three (3) Step Express refinanced loans.

## Melissa Edmunds

35.     From March 2003 to April 2012, Plaintiff, Melissa Edmunds, was employed by WFHM as a Home Mortgage Consultant.

36.     During and after 2011, Plaintiff secured WFHM loans of Freddie Mac to Freddie Mac Relief Refinance Mortgage refinanced loans, WFHM loans of Freddie Mac to

Freddie Mac Relief Refinance Mortgage/Three (3) Step Express refinanced loans, WFMH loans of Fannie Mae to Fannie Mae Refi Plus refinanced loans and WFMH loans of Fannie Mae to Fannie Mae DU Refi Plus refinanced loans.

37.    At all relevant times, Plaintiff was eligible to receive commissions at a rate of 63 bps pursuant to the Standard Commission Schedule.

38.    Despite the Plan provisions of Section 4 of the Plan, discussed above, which required commission credit rates to be based upon the Standard Commission Schedule and despite Plaintiff's eligibility to be paid commissions based upon a rate of 63 bps, Defendant only paid Plaintiff commissions based upon a flat rate of 43 bps for her secured WFHM loans of Freddie Mac to Freddie Mac Relief Refinance Mortgage refinanced loans, WFHM loans of Freddie Mac to Freddie Mac Relief Refinance Mortgage/Three (3) Step Express refinanced loans, WFMH loans of Fannie Mae to Fannie Mae Refi Plus refinanced loans and WFMH loans of Fannie Mae to Fannie Mae DU Refi Plus refinanced loans.

## CLASS ACTION ALLEGATIONS

39.    Pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3), Plaintiffs bring this action on their own behalf and on behalf of all individuals in the United States who worked for WFHM, a division of Wells Fargo Bank, N.A., as a Producing Branch Sales Manager or Home Mortgage Consultant during 2011 through the present and were not paid amounts due under WFHM's Plan ("the Class").

40.    The members of the Class are so numerous that joinder of all members is impracticable.  The Class is made up of thousands of members.  The precise number of Class members can only be ascertained through discovery, which includes Defendant's sales records. The disposition of their claims through a class action will benefit both the parties and this Court.

## COMMON QUESTIONS OF LAW AND FACT

41.    There is a well-defined community of interest in the questions of law and fact affecting the members of the Class.

42.     The questions of law and fact common to the Class predominate over questions which may affect individual members, and include but are not limited to the following:

a.      Whether the Plan required Defendant to pay commissions for WFHM loans of Freddie Mac to Freddie Mac Relief Refinance Mortgage refinanced loans, WFHM loans of Freddie Mac to Freddie Mac Relief Refinance Mortgage/Three (3) Step Express refinanced loans, WFMH loans of Fannie Mae to Fannie Mae Refi Plus refinanced loans and WFMH loans of Fannie Mae to Fannie Mae DU Refi Plus refinanced loans based upon the Standard Commission Schedule;

b.      Whether Defendant had a corporate practice of failing to pay commissions for WFHM loans of Freddie Mac to Freddie Mac Relief Refinance Mortgage refinanced loans, WFHM loans of Freddie Mac to Freddie Mac Relief Refinance Mortgage/Three (3) Step Express refinanced loans, WFMH loans of Fannie Mae to Fannie Mae Refi Plus refinanced loans and WFMH loans of Fannie Mae to Fannie Mae DU Refi Plus refinanced loans based upon the Standard Commission Schedule;

c.      Whether Defendant is in breach of the Plan; and

d.      Whether Defendant failed to pay amounts due under the Plan.

**TYPICALITY**

43.     The claims and defenses of Ms. Dyer, Ms. Stallworth and Ms. Edmunds as the representative Plaintiffs are typical of the claims and defenses of the Class because Plaintiffs and the Class members were all employed by Defendant as Producing Branch Sales Managers or Home Mortgage Consultants, responsible for securing residential mortgage loans on Defendant's behalf. Plaintiffs, like all Class Members, were not paid amounts due under the Plan, including commissions due as a result of Defendant's failure to pay commissions for WFHM loans of Freddie Mac to Freddie Mac Relief Refinance Mortgage refinanced loans and WFHM loans of Freddie Mac to Freddie Mac Relief Refinance Mortgage/Three (3) Step Express refinanced loans, WFMH loans of Fannie Mae to Fannie Mae Refi Plus refinanced loans and WFMH loans of Fannie Mae to

Fannie Mae DU Refi Plus refinanced loans based upon the Standard Commission Schedule.

## ADEQUACY OF REPRESENTATION

44.     Ms. Dyer, Ms. Stallworth and Ms. Edmunds as the representative Plaintiffs, will fairly and adequately assert and protect the interests of the Class because:

a.     Plaintiffs have hired attorneys who are experienced in prosecuting class action claims and will adequately represent the interests of the Class; and

b.     Plaintiffs have no conflict of interest that will interfere with the maintenance of this Class Action.

## PREDOMINANCE

45.     Questions common to the Class predominate over those which only affect individual owners.   This case involves uniform breaches of Defendant's uniform incentive compensation plan from 2011 and continuing through the present that are equally applicable to all Class members.

## SUPERIORITY

46. This Class Action provides a fair and efficient method for the adjudication of controversy for the following reasons:

a.     The common questions of law and fact set forth above predominate over any questions affecting only individual Class members;

b.     The Class is so numerous as to make joinder impracticable.  The Class, however, is not so numerous as to create manageability problems.  There are no unusual legal or factual issues which would create manageability problems;

c.     Prosecution of a separate action by individual members of the Class would create a risk of inconsistent and varying adjudications against Defendant when confronted with incompatible standards of conduct;

d.     The claims of the individual Class members are small in relation to the expenses of litigation, making a class action the only procedure in which Class members can, as a practical matter, recover.

AMENDED CLASS ACTION COMPLAINT – 10

e.      A class action would be superior to and more efficient than adjudicating thousands of individual lawsuits.

## FIRST CAUSE OF ACTION

### Breach of Contract

### (By Plaintiffs and the Class Against Defendant Wells Fargo Bank, N.A.)

47.     Plaintiffs individually and for the Class incorporate by reference all preceding paragraphs, as though fully set forth herein, and aver against Defendant as follows.

48.     Plaintiffs bring this claim on behalf of herself and the Class.

49.     Defendant entered into a compensation agreement with Plaintiffs and Class members from 2011 through the present whereby Defendant agreed to compensate them based upon the terms and conditions of the Plan.

50.     The incentive compensation plan entered into between Defendant and Plaintiffs and the Class members is identical in all respects material and relevant to this action.

51.     Under the terms of the Plan, Defendant was required to pay commissions for WFHM loans of Freddie Mac to Freddie Mac Relief Refinance Mortgage refinanced loans and WFHM loans of Freddie Mac to Freddie Mac Relief Refinance Mortgage/Three (3) Step Express refinanced loans, WFMH loans of Fannie Mae to Fannie Mae Refi Plus refinanced loans and WFMH loans of Fannie Mae to Fannie Mae DU Refi Plus refinanced loans based upon the Standard Commission Schedule.

52.     In addition, Defendant was required to pay amounts under the Plan for personal production performance scorecard bonuses, monthly volume overrides, quarterly variable forecast model bonuses, and direct & indirect report performance scorecard bonuses.

53.     Defendant breached the Plan in at least the following ways:

a.      Paying commissions for WFHM loans of Freddie Mac to Freddie Mac Relief Refinance Mortgage refinanced loans and WFHM loans of Freddie Mac to Freddie Mac

Relief Refinance Mortgage/Three (3) Step Express refinanced loans, WFMH loans of Fannie Mae to Fannie Mae Refi Plus refinanced loans and WFMH loans of Fannie Mae to Fannie Mae DU Refi Plus refinanced loans based upon a flat commission rate of 43 bps rather than pursuant to the Standard Commission Schedule; and

      b.    Failing to pay amounts for personal production performance scorecard bonuses, monthly volume overrides, quarterly variable forecast model bonuses, and direct & indirect report performance scorecard bonuses.

      54.    As a direct and proximate result of Defendant's foregoing breaches, Plaintiffs and Class members have suffered damages.

      55.    Plaintiffs, individually and on behalf of all others similarly situated, respectfully request judgment be entered in their favor, awarding compensatory damages, interest and costs, and such other equitable, injunctive, declaratory and restitutionary relief as the Court deems just and proper.

## PRAYER FOR RELIEF

      WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, prays for relief against Defendant as follows:

      a.    Certify the plaintiff Class defined herein;

      b.    Appoint Plaintiffs Bobbie Dyer, Patricia Stallworth and Melissa Edumnds as Class Representatives;

      c.    Appoint Plaintiffs' counsel as Lead Class Counsel;

      d.    Award Plaintiffs and Class Members compensatory damages as authorized by law;

      e.    Award Plaintiffs and Class Members attorneys' fees, costs and expenses as authorized by law;

      f.    Award Plaintiffs and Class Members all appropriate equitable, injunctive and declaratory relief, restitution and damages; and

      g.    Grant such other or further relief as allowed by law and as the Court deems appropriate.

Respectfully submitted,

Dated: November 27, 2013     By: */s/ John A. Yanchunis*

John A. Yanchunis, Florida, admitted pro hac vice
SBN 324681
jyanchunis@forthepeople.com
Tamra Givens, Florida , pro hac vice application
mpending SBN 657638
tgivens@forthepeople.com
**MORGAN & MORGAN COMPLEX LITIGATION
GROUP**
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
813-223-5505 Telephone
813-223-5402 Facsimile

Clayeo C. Arnold, California SBN 65070
carnold@justice4you.com
Christine M. Doyle, California SBN 106865
cdoyle@justice4you.com
CLAYEO C. ARNOLD, A PROFESSIONAL LAW
CORPORATION
865 Howe Avenue
Sacramento, California 95825
916-924-3100 Telephone
916-924-1829 Facsimile

Mark Malek, Florida SBN 571385
mark@legalteamusa.com
**ZIES WIDERMAN & MALEK**
1990 West New Haven Avenue
Melbourne, Florida 32904
321-255-2332 Telephone
321-255-2351 Facsimile

Attorneys for Plaintiff,
BOBBIE PACHECO DYER, PATRICIA STALLWORTH,
MELISSA EDMUNDS and putative Class

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Respectfully submitted,

Dated: November 27, 2013     By: */s/ Clay Arnold*
Clayeo C. Arnold, California SBN 65070
carnold@justice4you.com
Christine M. Doyle, California SBN 106865
cdoyle@justice4you.com
**CLAYEO C. ARNOLD, A PROFESSIONAL LAW
CORPORATION**
865 Howe Avenue

Sacramento, California 95825
916-924-3100 Telephone
916-924-1829 Facsimile

John A. Yanchunis, Florida SBN 324681
jyanchunis@forthepeople.com
Tamra Givens, Florida SBN 657638
tgivens@forthepeople.com
**MORGAN & MORGAN COMPLEX LITIGATION**
**GROUP**
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
813-223-5505 Telephone
813-223-5402 Facsimile

Mark Malek, Florida SBN 571385
mark@legalteamusa.com
**ZIES WIDERMAN & MALEK**
1990 West New Haven Avenue
Melbourne, Florida 32904
321-255-2332 Telephone
321-255-2351 Facsimile

Attorneys for Plaintiff,
BOBBIE PACHECO DYER, PATRICIA STALLWORTH,
MELISSA EDMUNDS and putative Class