# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

BOBBIE PACHECO DYER, and
PATRICIA STALLWORTH on behalf of
themselves and all others similarly
situated,

          Plaintiffs,

vs.

WELLS FARGO BANK, N.A.,

          Defendant.

Case No.: C 13-2858

**DECLARATION OF CLAYEO C. ARNOLD IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES**

I, Clayeo C. Arnold, pursuant to 28 U.S.C. §1746, declare as follows:

1. I am an attorney duly admitted to practice law before the courts of the State of California, including this Court. I have been the sole owner of CLAYEO C. ARNOLD, A Professional Corporation d/b/a Arnold Law Firm (the "Arnold Law Firm") since 1975 and I have served in the capacity of the Arnold Law Firm's President throughout that time.

2. I began my career as a trial lawyer in 1975 after my graduation from Lincoln Law School of Sacramento. I have focused my practice on representing people injured by the negligence or careless actions of others. During my 39-year legal career, I have represented plaintiffs in personal injury cases, wrongful death cases, products liability cases and medical malpractice cases, including a number of complex cases that have been adjudicated in the United States District Court for the Northern District of California (the "Northern District"). My representation of plaintiffs in litigation has resulted in my successfully conducting approximately seventy-five (75) trials to plaintiff verdicts. I have been a member in good standing of the

American Trial Lawyers Association since 1982 and I have been recognized by that organization as one of its top 100 trial lawyers every year from 2008 through 2012. I have been a member of the American Board of Trial Advocates since 1999.

3. Lawyers employed by my law firm have prosecuted several class actions in the Northern District recently that have resulted in favorable settlements for the respective classes, including *Keilholtz v. Lennox Hearth Products, Inc., et al.*, Case No. 4:08-CV-00836CW, before the Honorable Claudia Wilken, which received final approval in 2011, and *Charlene Rotandi and Edhi Rotandi v. Miles Industries, Ltd*, Case No.: 3:11-CV-02149-EDL, before the Honorable Elizabeth D. Laporte, which received final approval earlier this year.

4. This Declaration is submitted to further support the motion for an award of attorneys' fees, costs and enhancements, which was filed previously by my co-counsel, John Yanchunis, Esq. of Morgan and Morgan. This Declaration supports the professional time, costs and expenses incurred by the Arnold Law Firm in this action, including my professional time and the professional time of Christine M. Doyle, Esq., an Associate Attorney with the Arnold Law Firm who worked on the above-captioned action.

5. Christine Doyle graduated summa cum laude from the University of California at Santa Barbara in 1979 and received her Juris Doctor from the University of California at Davis, School of Law in 1982, where she was a member of the law review and was published. She has practiced law for 32 years and is a member in good standing of the California, New York and Pennsylvania bars. She is admitted to practice before this Court as well as the United States District Court for the Southern District of New York. Ms. Doyle's legal work at the Arnold Law Firm is primarily focused on employment law, representing employees in wrongful termination,

employment discrimination, and wage and hour litigation. She has also worked on several consumer class actions over the past several years.

6. In approximately June 2013, I was contacted by Mr. Yanchunis regarding a claim by Plaintiff Bobbie Dyer against Wells Fargo concerning non-payment of certain commissions to which she was entitled. Ms. Doyle and I reviewed and provided revisions and comments to the preliminary complaint drafted by Mr. Yanchunis and Tamra Givens, Esq. of Morgan and Morgan. Ms. Doyle and I also spent considerable time over the next four months researching California-based Wells Fargo Bank, N.A.'s mortgage origination business and meeting with a number of former employees of Wells Fargo, as well as consulting with experts involved in California's institutional and retail mortgage business. Our meetings and consultations with these individuals were geared toward finding witnesses and evidence in support of the claims asserted in this action. I consulted extensively with Mr. Yanchunis about the results of those meetings and discussed with him Class Counsel's litigation strategy.

7. The legal work in this action performed by legal professionals at the Arnold Law Firm includes, but is not limited to, the following brief summary. Ms. Doyle worked on the final draft of the Complaint and drafted related ancillary documents, which were filed in the Northern District. Ms. Doyle also provided assistance with the *pro hac vice* applications of Mr. Yanchunis and Ms. Givens and with case management issues after this case received its judicial assignment. Further, Doyle participated in the initial conference with defense counsel pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. I and Ms. Doyle reviewed multiple drafts of the Joint Case Management Statement and participated in revising and editing that document. We also assisted in the drafting of Plaintiffs' Rule 26 disclosures and Plaintiffs' discovery requests. I prepared for and attended the mediation of this action with Mr. Yanchunis earlier this year. Ms. Doyle and I

reviewed and commented upon the settlement documents and the class notice. We reviewed all pleadings, notices and motions filed in this action and, where appropriate, provided edits and comments to co-counsel. Ms. Doyle and I also provided other legal assistance as local counsel throughout the duration of this case.

8. I have organized into categories in the chart below the time and professional services provided by me, Ms. Doyle, and two paralegals employed by the Arnold Law Firm. These categories describe in summary fashion the professional services rendered in this case by the Arnold Law Firm.

| Tasks | Description of Services Performed | Hours |
|---|---|---|
| **Pre-suit Investigation** | Multiple telephone conferences with co-counsel re new potential class action, factual and legal issues of case, and class representative; reviewed initial draft of complaint and incentive compensation plan; telephone conferences with potential witness re Wells Fargo incentive compensation plans for mortgage brokers; prepared new case materials, both hard copy and electronic; and multiple emails to and from co-counsel re timing of filing complaint. | Clay Arnold: 3.25<br>Christine Doyle: 3.0<br>Connie McComb: 2.25 |
| **Drafting and preparation for filing of complaint, amended complaint, and other initial pleadings.** | Revised initial draft complaint; prepared ancillary documents for filing; conferred with co-counsel re revisions to complaint; reviewed court's rules re filing of complaint; compared initial and revised draft of class action complaint; reviewed updated local rules of the Northern District of California; prepared other initial pleadings for filing; conferred with defense counsel re stipulation to extend time to file responsive pleading to complaint; reviewed defendant's declination to proceed before magistrate judge; reviewed Wells Fargo's Answer to Complaint; reviewed final stipulation and amended complaint prior to filing; reviewed e-filed amended complaint, stipulation and exhibits; reviewed answer to amended complaint filed by Wells Fargo; and multiple telephone conferences and emails to and from co-counsel re filing complaint and amended complaint. | Clay Arnold: 8.10<br>Christine Doyle: 11.32<br>Connie McComb: 9.00<br>Jodi Danielson: 0.50 |

**Declaration of Clayeo C. Arnold In Support of Motion For Award of Attorneys' Fees, Costs and Expenses,** Case No.: C 13-2858

| | | |
|---|---|---|
| **Factual Development** | Multiple, lengthy telephone conferences and meetings with potential witnesses to develop information and evidence regarding class claims; telephone conferences with co-counsel re results of contact with potential witnesses; multiple telephone calls with co-counsel, witnesses and San Francisco financial community re Wells Fargo's compensation system for retail and wholesale brokers; meetings with co-counsel re contacting former Wells Fargo employees in light of lay-offs; and emails to and from co-counsel re outreach to potential witnesses and class representatives. | Clay Arnold: 40.08<br>Christine Doyle: 10.00 |
| **Client Correspondence** | Reviewed emails from Bobbie Dyer re discovery and moving her deposition date; and reviewed correspondence re dismissal of other class representative. | Clay Arnold: 0.25<br>Christine Doyle: 0.50 |
| **Discovery** | Researched legal issues concerning early discovery and legal treatment of incentive compensation plans; conferred with co-counsel re timing of serving discovery; reviewed co-counsel's preservation letter and provided comments; reviewed Plaintiffs' draft interrogatories, request for production of documents, request for admissions, and 30(b)(6) deposition notices to Wells Fargo Bank; emails to and from co-counsel re discovery drafts; provided revisions and edits to Plaintiffs' discovery requests; emails and conference calls with co-counsel re revisions of discovery requests, discovery deadlines, and status of case; teleconference with co-counsel and opposing counsel re meet and confer on discovery plan, preparing joint CMC Statement, and Rule 26 disclosures; multiple emails to and from co-counsel re strategy for discovery in case and strategy for meet and confer with opposing counsel prior to case management conference; preparation, formatting and edits to discovery; emails to co-counsel re electronic discovery in case, added complication of lay-offs of Wells Fargo employees, and memo re conduct of electronic discovery in the Northern District Court of California; assisted co-counsel with drafting Plaintiffs' initial Rule 26 disclosures; and reviewed multiple emails re depositions of class representatives and Wells Fargo 30(b)(6) representative. | Clay Arnold: 6.09<br>Christine Doyle: 41.51<br>Jodi Danielson: 7.0 |

| | | |
|---|---|---|
| **Mediation and Settlement** | Reviewed extensive emails to and from opposing counsel re mediation and scheduling and conducting Bobbie Dyer's deposition; reviewed mediation procedural letter; conferred with John Yanchunis re preparation for mediation; reviewed mediation preparation documents to clients; researched legal issues likely to be raised at mediation; researched recent decisions in similar actions; reviewed pleadings, interview notes, and exhibits in preparation for mediation; completed file review prior to mediation; prepared mediation binder of exhibits, interview notes and pleadings; organized documents and final preparation of mediation binders; traveled to and from Sacramento to San Francisco for mediation on 1/23/14; met with co-counsel re preparing strategy for mediation; attended day-long mediation conducted by Mediator David Rotman; reviewed and provided edits and comments to co-counsel on drafts of Notice of Class Settlement and Joint Stipulation of Class Settlement and Release; multiple emails and meetings with co-counsel re operation and methodology of class settlement, class settlement terms, and settlement documents; prepared internal memo re issues involved in Joint Stipulation of Settlement and Notice of Class Settlement; executed settlement papers; reviewed notice of continuance of joint motion for settlement; reviewed joint motion for settlement, memo of points and authorities, all related declarations, and accompanying exhibits; reviewed Defendant's response to joint motion for settlement; reviewed and provided co-counsel with comments on changes to settlement agreement; forwarded additional materials to co-counsel re approval of settlement; reviewed Order Granting Preliminary Approval of Class Action Settlement; and reviewed settlement agreement's confidentiality and non-publicity provisions and discussed with co-counsel. | Clay Arnold: 40.50<br>Christine Doyle: 21.24<br>Connie McComb: 10.50<br>Jodi Danielson: 8.80 |
| **Legal Research** | Researched potential UCL and CLRA claims and standing of non-California class representative; researched decisional law re class actions and breach of incentive compensation plans; researched legal issues concerning early discovery and legal treatment of incentive compensation plans; researched issues involving potential motion to dismiss; reviewed Federal Rules of Civil Procedure and Local Rules for United States District Court for the Northern District of California re discovery requests and case management conference; researched local rules re ADR certifications that must be filed with the Court; researched choice of law issues and forum non conveniens re Defendant's | Christine Doyle: 11.90 |

| | email that Wells Fargo may transfer the case to Iowa where issues such as those advanced by the class are handled; and researched Wells Fargo lay-off of employees, including potential class members. | |
|---|---|---|
| **Class Member Inquiries** | Telephone conferences with multiple class members re settlement issues; and provided class members with relevant contact information for co-counsel and claims administrator. | Clay Arnold: 0.33<br>Christine Doyle 3.50 |
| **Case management and other court mandated tasks** | Assisted co-counsel with drafting and revising case management report; multiple conferences with co-counsel and opposing counsel regarding case management report and case management issues; attended telephonic case management meeting; emails to and from co-counsel re filing ADR certification; assisted with preparation of ADR certification documents; and attended ADR telephone conference with Court. | Clay Arnold: 8.78<br>Christine Doyle: 22.21 |
| **Strategy/Case Analysis** | Telephone conferences with John Yanchunis re results of contacts with witnesses knowledgeable about Wells Fargo incentive compensation plans and other employment benefits offered to Wells Fargo mortgage brokers; telephone conferences with John Yanchunis re communications with defense counsel, including discussions about class claims and potential settlement; telephone conferences with John Yanchunis re status of case, litigation strategy, and upcoming CMC hearing. | Clay Arnold: 3.58 |
| **Total** | | 274.19 hours |

9.  My hourly rate for complex litigation such as the present case is $600.00 per hour. The hourly rate for such litigation for Christine Doyle is $475.00 per hour. Two paralegals that were employed by the Arnold Law Firm during the relevant time period, Connie McComb and Jodi Danielson, also provided limited services in this case that are reflected in the time records of

**Declaration of Clayeo C. Arnold In Support of Motion For Award of Attorneys' Fees, Costs and Expenses**, Case No.: C 13-2858

the firm. The hourly rate for Ms. McComb and Ms. Danielson is $110.00 per hour.

10. I assert that the attorneys' fees sought in the motion for attorneys' fee is reasonable and seeks fair and reasonable compensation for undertaking this case on a contingency basis, and for obtaining the very substantial relief for Plaintiffs and the Class.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of September, 2014 at Sacramento, California.

_____
Clayeo C. Arnold

**Declaration of Clayeo C. Arnold In Support of Motion For Award of Attorneys' Fees, Costs and Expenses,** Case No.: C 13-2858